## Case No. 13,410.
### STEVENS v. SHARP.
[6 Sawy. 113.] [1]
Circuit Court, D. Oregon. Nov. 21, 1879.

LIMITATION OF ACTIONS—IN EQUITY—STATE STAT-
UTE—OREGON DONATION ACT—MISTAKE
IN PATENT.

1. Cases of constructive trust being purely of equitable cognizance, lapse of time is no absolute bar to a suit for relief thereon; and when the trust arises out of the fraud of the defendant, or those under whom he claims, there is no fixed rule upon the subject, but each case is decided according to its own facts and circumstances.

2. A state statute of limitation is not applicable in the national courts in a suit in equity, but under ordinary circumstances, the limitations prescribed therein will be regarded as reasonable.

3. A married settler, under the donation act, fraudulently procured a certificate and patent to the wife's share of the donation to be issued to a woman not his wife: *Held*, that a court of equity had jurisdiction to correct the error by requiring the patentee or her assigns to convey the premises to the wife or her assigns.

[This was a bill by James B. Stevens against Cragie Sharp. The defendant in this suit had already obtained a judgment in this court (Case No. 12,710), and this action is brought to restrain the execution of it.]

Joseph N. Dolph, for plaintiff.
W. Scott Bebee, for defendant.

DEADY, District Judge. This suit is brought to enjoin the defendant from enforcing a judgment obtained by him in this court against the plaintiff for the recovery of the possession of the north half of the donation of Edward S. Sexton and wife, situate in Washington county, the same being the south half of the southeast quarter of section twenty, and all of section twenty-nine except the north half of the northwest quarter thereof, in township one south, of range one west, of the Wallamet meridian, containing three hundred and twenty acres, and to have the defendant convey the legal title of the same to the plaintiff.

Upon reading and filing the bill, September 1, 1879, an order was made that the defendant show cause why a provisional injunction should not issue. The defendant showed cause by demurring to the bill, which was argued by counsel on October 8, 1879. The material facts stated in the bill are as follows:

That in January, 1843, in Fulton county, Illinois, one Edward S. Sexton was married to Angeline Bilshee, which marriage remained in full force and effect until the death of said Sexton; that prior to March 20, 1850, said Sexton left said Angeline and three children in Illinois, and came to Oregon, where he, pretending to be unmarried, in March, 1850, intermarried with India Stevens, the daughter of the plaintiff; that on

September 1, 1853, said Sexton settled upon the premises as a married man, under the donation act, and resided upon and cultivated the same for four consecutive years, and otherwise complied with said act; that on January 31, 1868, a certificate was issued by the register and receiver of the proper land office to said Sexton and his wife for said donation, in which the north half thereof was designated as the part inuring to the latter, and the south half to the husband; that in procuring said certificate to be issued, said Sexton falsely and fraudulently pretended and represented to said register and receiver that said India was his lawful wife, and thereby procured and caused said certificate to be wrongfully issued to said India as the wife of said Sexton; that on May 5, 1873, a patent was issued for said donation, upon and in pursuance of said certificate, in which said India was erroneously described as the wife of said Sexton, and the premises in controversy confirmed to her as such; that the plaintiff, on July 7, 1876, purchased the south half of said donation from said Sexton; that in 1870–71, said Angeline and descendants set up a claim to said donation, and the plaintiff offered to assist said India to defend against the same, when said India informed him that she had known for years of the existence of said Angeline and that she had no doubt that she was the lawful wife of said Sexton, whereupon he purchased the interest of said Angeline and descendants in said donation for the sum of two thousand five hundred dollars, and is now the owner and in possession of the same; that in October, 1873, said Sexton being dead, said India intermarried with one Samuel Rolfe, and in July, 1878, during her last illness, said Rolfe procured said India to join with him in a conveyance to the defendant of all their interest in the donation; that in May, 1879, said defendant commenced an action in this court against the plaintiff to recover possession of the north half of said donation, in which he obtained judgment of such possession and one hundred and eighty dollars damages and costs; that said judgment was obtained solely upon the ground of the patent to India, and that until the same was given the plaintiff supposed he had the legal title to the premises.

The grounds of the demurrer are: (1) That the court is without jurisdiction; (2) that the suit is barred by the lapse of time; and (3) that there is no equity in the bill.

The first ground is certainly untenable, and was not insisted upon in the argument.

The objection that the suit is barred by lapse of time rests upon the assumption that section 378 of the Oregon Civil Code, which provides in substance that no suit of equity shall be maintained to affect a patent, unless the same is brought within five years from the date thereof, applies to a suit in this court.

But, as was held by this court in Hall v. Russell [Case No. 5,943], and Manning v. Hayden [Id. 9,043], this statute is not applicable to suits in this court. In the latter case the rule applicable to this case is laid down as follows:

"In the consideration of purely equitable rights and titles courts of equity act in analogy to the statute of limitations, but are not bound by it. * * * In cases of implied or constructive trusts, when it is sought for the purpose of maintaining the remedy, to force upon the defendant the character of a trustee, courts of equity will apply the same limitation as provided for actions at law. * * * But when the trust is constructive and also arises out of the fraud of the defendant, there does not appear to be any fixed rule upon the subject. The matter is left to the equitable discretion of the court, to. be decided in each case according to its nature and circumstances, subject to the qualification, that diligence must be used to establish a trust by implication, and that equity will not aid a party to enforce such a trust when the demand is stale or where there has been long acquiescence in the wrong."

Although a few days over six years had elapsed when the action was brought by the defendant, which has resulted in this suit, still, practically speaking there has never been any actual acquiescence by the plaintiff in the alleged wrong, because he has been in the undisturbed possession and enjoyment of the premises since before the date of the patent, with the knowledge and apparent acquiescence of the pseudo wife, and those claiming under her, until the commencement of this litigation. Under the circumstances, he can only be charged with an omission to bring a suit to quiet his title against a claim which was not asserted, and which, as he might well think, under the circumstances, never would be.

The patentee, or those claiming under her, had by the law of the state twenty years after the plaintiff took possession, within which to bring an action to assert her right under the patent; and in my judgment it is time enough for the party in possession to resist or countervail such right when it is asserted or set up. Indeed, in a case of fraud, a delay of thirty years has been held not a bar to relief. Mechoud v. Girod, 4 How. [45 U. S.] 561.

But I admit that this court, sitting as a court of equity, when called upon to determine what delay will make a claim stale or show a want of diligence in its prosecution, so as to bar a suit thereon, should have regard to the periods prescribed by the law of the state in similar cases, as evidence of what is deemed a reasonable rule in this locality upon that subject. This being so, it must be borne in mind, that on October 17, 1876, and before the commencement of this litigation, the legislature amended section 378 so as to make the limitation therein ten years instead of five, and also declared that a party in possession, and equitably entitled to the land as against the patentee, might enforce his equity against such patentee, either as defendant in an action at law brought by the patentee to recover such possession, or by a suit in equity within the time such action for the possession might be brought. Sess. Laws, 25. This is the latest legislative expression of what is deemed a convenient and just rule on this subject, and this court may safely hold in analogy to it, that in the general a suit brought to affect a patent at any time within ten years from the date thereof, is brought within a reasonable time. But there may be cases in which a less time would be a bar to relief, and others in which twice that time would not be unreasonable, and such I think is this case.

The plaintiff is in possession and has been since before the date of the patent, with little or no reason to apprehend that the claim of the pseudo wife as patentee of the premises, would, under the circumstances, ever be asserted against him, and now brings this suit to defend such possession against the defendant's action to deprive him of the same upon said patentee's bare legal title. The plaintiff is entitled to maintain this suit notwithstanding the lapse of time since the issuing of the patent. .

The only other question arising upon the demurrer is whether this court can grant relief against the fraud committed by Sexton in falsely representing to the land department that India instead of Angeline was his wife, and the consequent mistake made by it in the issuing of the certificate and patent to said India instead of Angeline.

The donation act (9 Stat. 49, § 4) gave the wife of the settler thereunder one half of the grant in her own right on account of her wifeship. No other qualification was required on her part to enable her to claim and take one.half of the donation. Vandolf v. Otis, 1 Or. 153; Lamb v. Starr [Case No. 8,021]; Fields v. Squires [Id. 4,776].

It is admitted that Angeline was the wife of the settler upon this donation, and not India, and therefore it follows necessarily that Sexton committed a fraud upon her, when in making proof of his marriage before the register and receiver, he falsely represented that India was his wife, and thus procured the certificate and patent to issue to India, when they should have issued to Angeline. It seems hardly necessary to ask the question whether a court of equity can grant relief against such a gross fraud and palpable mistake as this. In my judgment there can be no doubt about it. Johnson v. Towsley, 13 Wall. [80 U. S.] 83; Shepley v. Cowan, 91 U. S. 340.

In these cases, the supreme court affirm that courts of equity have jurisdiction to inquire into, and modify and annul the ac-

tion of the land department for fraud or mistake other than an error of judgment in estimating the value or effect of evidence. See, also, Aiken v. Ferry [Case No. 112], decided in this court.

Upon the bill, the plaintiff is clearly entitled to the relief sought. The demurrer is therefore overruled.